17-2788-cr
*United States v. Bethea*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of September, two thousand eighteen.

PRESENT:
      GERARD E. LYNCH,
      SUSAN L. CARNEY,
      CHRISTOPHER F. DRONEY,
              *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee,*

        v.                                     No. 17-2788-cr

KYHEIM BETHEA,

      *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLANT: | Philip L. Weinstein, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY. |
| FOR APPELLEE: | Susan Corkery, Matthew Jacobs, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the |

Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on August 30, 2017, is **AFFIRMED**.

Defendant-appellant Kyheim Bethea appeals the District Court's judgment of conviction, entered on August 30, 2017, sentencing him principally to a term of 140 months' incarceration on two counts of conviction, a sentence above the applicable range under the United States Sentencing Guidelines. On appeal, Bethea raises a single argument, namely that the term of incarceration imposed is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**I.      Background**

In October 2016, Bethea pleaded guilty to two counts of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). In advance of sentencing, the Probation Department prepared a presentence report that identified the statutory maximum sentence of incarceration on each count as 120 months and calculated the applicable Guidelines range to be 70 to 87 months. Bethea requested a downward departure under § 5H1.3, which permits such an adjustment when "[m]ental and emotional conditions . . . are present to an unusual degree." According to Bethea, 50-month sentences on each count of conviction, to run concurrently, were appropriate under § 5H1.3. The government argued for an above-Guidelines sentence of a total of 96-months of imprisonment.

During the sentencing hearing and without objection from the parties, the District Court adopted the Probation Department's calculation of the Guidelines range. The court denied Bethea's request for a downward departure, explaining, "In my view, there has not

2

been a sufficient connection" shown between "the very troubled background that Mr. Bethea concededly has" and his commission of the offenses for which he was being sentenced. Appellant's App. ("A.A.") at 111. Ultimately, the District Court imposed a 70-month sentence on each count of conviction and directed that those sentences run consecutively, resulting in a total term of incarceration of 140 months. Judgment was entered on August 30, 2017. Bethea timely filed a notice of appeal.

**II.    Discussion**

We review sentences imposed by district courts "under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v . United States*, 552 U.S. 38, 41 (2007)). Under this standard, we evaluate whether a sentence is procedurally and substantively reasonable. *See id.*

Bethea argues that his sentence is substantively unreasonable. In doing so, he "bears a heavy burden[,] because our review of a sentence for substantive unreasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We defer so heavily on substantive review of a sentence because of the "district court's unique factfinding position, which allows it to hear evidence, make credibility determinations, and interact directly with the defendant . . . thereby gaining insights not always conveyed by a cold record." *Id.* On such review, we will set aside "only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *Id.* (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). Still, when a district court judge "decides that an outside-Guidelines sentence is warranted, [she] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance," *Gall*, 552 U.S. at 50, and on appeal we look for reflections of such consideration.

Although Bethea's sentence is very lengthy and significantly above the high end of the calculated Guidelines range, we conclude that it is not substantively unreasonable. The record shows that the District Court recognized its obligation to "impose a sentence that is

3

not greater than necessary to achieve the goals of sentencing that are then laid out in the statute." A.A. 112. In sentencing Bethea, it specifically referenced several of the "[Section] 3553(a) [f]actors," *id.* at 111–12, and found particularly concerning Bethea's possession of marijuana and of a gun while he was on parole. It similarly noted that, almost immediately after Bethea was acquitted of related state gun and drug charges—charges that he admitted were true during these federal proceedings—he again engaged in the same behavior.

The District Court viewed Bethea's conduct as posing "a terrible, terrible risk for society," *id.* at 113, and cited that risk as a basis for the above-Guidelines sentence. Additionally, the court pointed with great concern to Bethea's previous convictions for robbery in the first degree and murder in the second degree. It further cited his "additional conviction for prison contraband and assault on staff in the prison." *Id.* at 114. His failure during a previous state court trial to correct sworn testimony that he knew to be false also played a significant and justifiable role in the District Court's sentencing decision. *See* A.A. 110 ("That [silence in the face of false testimony] completely turns the justice process on its head. That goes to the heart of the integrity of the judicial process. And in my mind, there is nothing more sacred than the integrity of the judicial process."). The District Court's careful consideration of each of these factors as well as of the violent nature of Bethea's previous conduct, and the observation that not all of these factors were captured by the Sentencing Guidelines calculation, convince us that the court's deviation is adequately supported on review for substantive reasonableness.

Bethea's arguments to the contrary do not persuade us otherwise. His main contention on appeal is that in imposing the 140-month sentence, the District Court did not sufficiently account for his traumatic childhood and his need for mental health treatment. But the District Court referred to Bethea's "mental and emotional conditions at the time of the commission of the offense," and made clear that it would consider them in fashioning an appropriate sentence. *Id.* at 111.

We take seriously Bethea's concerns about the mental health treatment he will receive while incarcerated—as well as the possibility that his mental health condition that led to the

4

conduct of conviction deteriorated as a result of the extensive time that he spent in solitary confinement while in state custody. We therefore add our voice to that of the District Court in recommending that he receive appropriate treatment while in the custody of the Federal Bureau of Prisons. But Bethea's disagreement with the District Court's conclusion that other factors, including the need to protect the public from further crimes, outweighed concerns raised by his mental health condition, does not render substantively unreasonable the sentence imposed by the court.

\*   \*   \*

We have considered Bethea's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court